UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 96-4683

DEXTER WILLIAM WALTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-95-127)

Submitted: September 9, 1997

Decided: October 9, 1997

Before HALL, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. Anthony Paul Giorno, OFFICE OF THE UNITED
STATES ATTORNEY, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dexter William Walton appeals from his conviction and sentence for conspiracy to attempt to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and for attempting to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(l) (1994). Walton's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Walton's guilty plea and whether the court properly imposed Walton's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious issues for appeal. Walton was notified of his right to file an additional brief, but has not done so. We affirm.

Walton contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. Id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.

Our review of the record discloses that the district court sufficiently complied with Rule 11 in informing Appellant of his rights and in ascertaining the voluntariness of his plea. We find that because Appellant's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless.

Walton also maintains that the district court inaccurately computed his sentence based on the Sentencing Guidelines. However, Walton's failure to object during sentencing amounts to a waiver of his right to raise that issue on appeal absent plain error. United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir.), cert. denied , ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). We find no plain error in the record warranting review of Walton's sentence.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3